UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JENNY J. SNEDEKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:10-cv-189-LJM-WGH |
| | ) | |
| STEPHEN C. SNEDEKER and JACKSON | ) | |
| NATIONAL LIFE DISTRIBUTORS, LLC, | ) | |
| d/b/a Jackson National Life Insurance | ) | |
| Company, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANT'S MOTION TO COMPEL**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendant's, Stephen C. Snedeker ("Defendant"), Motion to Compel Third Party Witness, Eric Somheil, to Answer Deposition Questions and Produce Redacted Notes filed June 20, 2011. (Docket Nos. 78-81). Plaintiff, Jenny J. Snedeker ("Plaintiff"), filed a Response on July 7, 2011. (Docket No. 84). Defendant filed his Reply Brief on July 14, 2011. (Docket No. 88).

**I. Background**

On March 17, 2011, Eric Somheil ("Somheil"), an attorney who previously represented Plaintiff in the drafting of her will, was deposed by Defendant's counsel. At issue for the purposes of the pending Motion to Compel are questions posed to Somheil concerning a meeting that took place on January 22, 2008, between Plaintiff and Somheil. (Deposition of Eric Somheil ("Somheil Dep.") at 9).

Present during a portion of the January 22, 2008 meeting were one of Plaintiff's sons, James Snedeker ("James"), and Plaintiff's daughter-in-law, Loretta Snedeker ("Loretta"). (*Id.* at 10). At some point later in the meeting, James and Loretta excused themselves. (*Id.* at 14). Then, a second portion of the meeting took place between Plaintiff, Somheil, and Defendant, who is Plaintiff's other son. (*Id.* at 15). Defendant called in to the meeting via telephone. (*Id.*). Somheil also took notes concerning both portions of the meeting. (Somheil Dep. at 17-18). During Somheil's deposition, he was instructed by Plaintiff's counsel to neither answer certain questions regarding the January 22, 2008 meeting nor to produce the notes he created as a result of the January 22, 2008 meeting. Defendant then filed this Motion to Compel seeking an order from this Magistrate Judge instructing Somheil to answer the questions and to produce his notes. Plaintiff seeks to prohibit the disclosure of this information, arguing that it is protected by either the attorney-client privilege or the attorney work product privilege.

## II. Discussion

Rule 26(b)(1) of the Federal Rules of Civil Procedure explains: "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." A party may seek an order to compel responses to discovery requests in the event that the opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. FED. R. CIV. P. 37(a)(3). In responding to a motion to compel discovery, the party that objects

to the discovery request has the burden of demonstrating, with specificity, why the information sought is not discoverable. *Graham v. Casey's General Stores,* 206 F.R.D. 251, 254 (S.D. Ind. 2002).

### A. Attorney–Client Privilege

"The attorney-client privilege is one of the oldest recognized privileges for confidential communications." *Swidler & Berlin v. United States,* 524 U.S. 399, 403, 118 S.Ct. 2081, 141 L.Ed.2d 379 (1998). The privilege is intended to encourage complete and honest communication made between attorneys and their clients and "promote broader public interests in the observance of law and the administration of justice." *Upjohn Co. v. United States,* 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)*; Lahr v. Indiana,* 731 N.E.2d 479, 482 (Ind. Ct. App. 2000). The privilege allows a client to provide complete information in confidence to its counsel and counsel to give complete legal advice about the client's rights and liabilities without fear that the confidences will be revealed. *Lahr,* 731 N.E.2d at 482; *Hartford Financial Services Group, Inc. v. Lake County Park and Recreation Bd.,* 717 N.E.2d 1232, 1235 (Ind. Ct. App. 1999); *Corll v. Edward D. Jones & Co.,* 646 N.E.2d 721, 724 (Ind. Ct. App. 1995).

In civil diversity claims, in which there is no federal cause of action, federal courts apply the state law of attorney-client privilege. FED. R. EVID. 501; *Lorenz v. Valley Forge Ins. Co.,* 815 F.2d 1095, 1097 (7th Cir. 1987); *Bartlett v. State Farm Mut. Auto. Ins.,* 206 F.R.D. 623, 626 (S.D. Ind. 2002). Therefore, we must apply Indiana law to determine if the communications between Plaintiff and Somheil are

privileged. Indiana's attorney-client privilege is codified under Ind. Code § 34-46-3-1, which reads, in pertinent part: "Except as otherwise provided by statute, the following persons shall not be required to testify regarding the following communications: . . . Attorneys, as to confidential communications made to them in the course of their professional business, and as to advice given in such cases."

The party relying on the attorney-client privilege has the burden to prove the privilege's applicability and must do so on "a question-by-question or document-by-document basis." *Brown v. Katz,* 868 N.E.2d 1159, 1166-67 (Ind. Ct. App. 2007); *Howard v. Dravet,* 813 N.E.2d 1217, 1222 (Ind. Ct. App. 2004). "The essential prerequisites to invocation of the privilege are to establish by a preponderance of the evidence: 1) the existence of an attorney-client relationship and 2) that a confidential communication was involved." *Brown,* 868 N.E.2d at 1166 (citing *Mayberry v. Indiana,* 670 N.E.2d 1262, 1266 (Ind.1996)).

Generally, the law of privilege has been applied to protect from disclosure communications between a client and her attorney regarding the preparation of a will. *Gast v. Hall,* 858 N.E.2d 154, 163 (Ind. Ct. App. 2006)(citing *Brown v. Edwards,* 640 N.E.2d 401, 404 (Ind. Ct. App.1994)). There is, however, an exception to this general rule which applies, "[a]fter the client dies . . . and a controversy arises concerning the validity of the will or between the claimants under the will . . . ." *Brown,* 640 N.E.2d at 404 (quoting *Briggs v. Clinton County Bank & Trust Co. of Frankfort, Ind.,* 452 N.E.2d 989, 1012 (Ind. Ct. App. 1983)).

The privilege "is not an absolute, eternal shield; a client who does not safeguard the confidentiality of communications that would otherwise be protected waives the privilege and subjects the communications to compelled disclosure." *Bartlett,* 206 F.R.D. at 626. Indiana courts recognize that a client can waive the attorney-client privilege. *Roberts v. Carrier Corp.,* 107 F.R.D. 678, 686 (N.D. Ind. 1985)(citing *Brown v. Indiana,* 448 N.E.2d 10 (Ind.1983)). Generally, communications that are made within the presence or hearing of a third person or other disclosure of confidential information to a third party constitute a waiver of the attorney-client privilege. *Lewis v. Indiana,* 451 N.E.2d 50, 55 (Ind. 1983); *Ormond v. Anthem, Inc.,* 2011 WL 2020661, at *2 (S.D. Ind. May 24, 2011). However, there is no waiver of the attorney-client privilege if the third party is an agent of either the client or attorney. *Ormond,* 2011 WL 2020661, at *2 (citing *United States v. Evans,* 113 F.3d 1457, 1462 (7th Cir. 1997)).

In this instance, there is no dispute that Somheil was Plaintiff's attorney during the January 22, 2008 meeting. Therefore, any communications made by Plaintiff to Somheil during that meeting are considered communications between attorney and client. However, the question remains whether or not the communications can be classified as "confidential." It is undisputed that at least one third party was present during all of the communications at issue in this dispute. Therefore, Plaintiff must demonstrate that an exception applies to the general rule that the presence of a third party during communications between an attorney and his client waives the attorney-client privilege. Plaintiff concedes that

Loretta's presence during certain discussions waived the attorney-client privilege as to those portions of the January 22, 2008 meeting. (Plaintiff's Response to Motion to Compel at 8). Plaintiff, however, argues that the presence of either Defendant or James during the January 22, 2008 meeting does not amount to a waiver of the attorney-client privilege because they were both acting as Plaintiff's agent at the time. (*Id.* at 2). This Magistrate Judge does not agree. Neither Defendant nor James were acting on behalf of Plaintiff at the January 22, 2008 meeting.[1] The nature of the meeting was for the purposes of drafting a will, a power of attorney, and a "Gifting Letter." Both Defendant and James were potentially beneficiaries under the will and interested parties with regard to these other documents. Their interests were adverse from each other, and, for that matter, from Plaintiff as she was distributing her assets in some manner to James and Defendant. Neither James nor Defendant were acting "on behalf of" Plaintiff during the meeting in the sense that they were designated by Plaintiff to direct Somheil to perform any function.[2] They cannot reasonably be characterized as Plaintiff's agents in the drafting of these documents. Therefore, they were not Plaintiff's agents for the purposes of this meeting, and the exception, as provided in *Ormond,* does not apply. Consequently, because a third party was present

---

[1] Furthermore, Somheil admitted during his deposition that he was not representing Defendant at the January 22, 2008 meeting.

[2] Although Plaintiff executed a power of attorney designating Defendant as her attorney in fact in 1993, and although she executed a new power of attorney on the date of the meeting naming both Defendant and James as co-attorneys in fact, there is no evidence that either Defendant or James was taking action on behalf of Plaintiff during the time of the meeting.

during all of the relevant portions of the January 22, 2008 meeting, Plaintiff has waived the attorney-client privilege.

### B. Attorney Work Product Privilege

Rule 26(b)(3) of the Federal Rules of Civil Procedure governs the disclosure of "work product." It protects from disclosure: (1) documents and other tangible things; (2) produced in anticipation of litigation or for trial; (3) by or for another party or its representative. FED. R. CIV. P. 26(b)(3). "The threshold determination is whether the documents sought to be protected were prepared in anticipation of litigation or for trial." *United States v. Cinergy Corp.,* 2008 WL 5424007, at *1 (S.D. Ind. Dec. 30, 2008)(internal citations and quotations omitted). The Seventh Circuit has explained that "[t]he mere fact that litigation does eventually ensue does not, by itself, cloak material . . . with the work product privilege; the privilege is not that broad." *Binks Mfg. Co. v. National Presto Indus., Inc.,* 709 F.2d 1109, 1118 (7th Cir. 1983). Consequently, we must ask "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *Id.* at 1118-19. A distinction must be made between precautionary documents created in the normal course of business for the remote prospect of litigation and those documents which are prepared because an articulable claim, likely to lead to litigation, has arisen. *Sandra T.E. v. South Berwyn School Dist. 100,* 600 F.3d 612, 622 (7th Cir. 2010). It is the burden of the party seeking to oppose production of the documents to demonstrate that the work product

privilege shields the documents at issue from discovery. *See Cummins, Inc. v. Ace American Ins. Co.,* 2011 WL 1655916, at *5 (S.D. Ind. May 2, 2011).

In this instance, Plaintiff cannot meet her burden of demonstrating that Somheil's notes from the January 22, 2008 meeting were created "because of the prospect of litigation." The meeting took place, according to Somheil, primarily for the purposes of revising Plaintiff's Last Will and Testament. (Somheil Dep. at 9-11). Any time that an individual creates a will where multiple relatives are involved, the will could always be considered to have been drafted in order to avoid future disputes between the beneficiaries. But, that is not the test. This meeting was not held because of the prospect of imminent litigation. (Therefore, the notes created because of the meeting were not created "because of the prospect of litigation.") Plaintiff argues that she drafted a "Gifting Letter" at the January 22, 2008 meeting in which she indicated her "concerns that there will be a dispute between my sons," and that this proves that the meeting notes were created in anticipation of litigation. (Plaintiff's Response to Motion to Compel at 4). However, it appears that the meeting notes could more accurately be described as precautionary documents created in the normal course of business for the remote prospect of litigation which do not receive work product protection.[3] *Sandra T.E.,* 600 F.3d at 622. Furthermore, while a dispute has, in fact, now arisen two-and-a-half years after the January 22, 2008 meeting, the time period

---

[3]This Magistrate Judge concludes that the "normal course of business" of a probate attorney is the drafting of documents such as those that were drafted at the January 22, 2008 meeting.

between the creation of the meeting notes and the dispute that has now arisen is too remote to say that the notes were created in anticipation of litigation. Hence, the notes are not protected by the work product privilege.

### III. Conclusion

For the reasons outlined above, Defendant's Motion to Compel Third Party Witness, Eric Somheil, to Answer Deposition Questions and Produce Redacted Notes is **GRANTED** in all respects. Though Somheil was acting as Plaintiff's attorney at the time of the meeting, the context of the meeting establishes that the conversations were not "confidential" communications protected by the attorney-client privilege. The creation of any documents arising out of the meeting, some two-and-a-half years before the filing of this suit, were not created in anticipation of litigation.

**SO ORDERED.**

**Dated:** August 11, 2011

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Edward O'Donnell DeLaney
DELANEY & DELANEY LLC
ed@delaneylaw.net

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Brian R. Garrison
BAKER & DANIELS - Indianapolis
brian.garrison@bakerd.com

Mark Douglas Hassler
HUNT HASSLER & LORENZ, LLP
hassler@huntlawfirm.net

Susan W. Kline
BAKER & DANIELS - Indianapolis
swkline@bakerd.com

Roberta Sabin Recker
BAKER & DANIELS
rsrecker@bakerd.com

Christopher S. Stake
DELANEY & DELANEY LLC
cstake@delaneylaw.net